**SO ORDERED.**

**SIGNED this 7 day of April, 2014.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| TANGLEWOOD FARMS, INC., OF ELIZABETH CITY | CHAPTER 7<br>CASE NUMBER: 10-06719-8-RDD |
|     DEBTOR | |

| | |
|---|---|
| JAMES B. ANGELL, TRUSTEE, | ADVERSARY PROCEEDING<br>NUMBER: 12-00177-8-RDD |
|     PLAINTIFF, | |
|     v. | |
| LAWRENCE N. LARABEE,<br>MARY RUTH LARABEE, | |
|     DEFENDANTS. | |

## ORDER GRANTING IN PART
## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum In Support filed by James B. Angell, the Chapter 7 Trustee (the "Trustee") on September 30, 2013 and the Defendants' Response to Plaintiff's Motion for Summary Judgment filed by Lawrence N.

Larabee and Mary Ruth Larabee on November 4, 2013. The Court conducted a hearing on April 2, 2014, in Greenville, North Carolina to consider these matters.

The Trustee's Complaint sets forth three causes of action for avoidance and recovery of (1) preferential transfers against Lawrence N. Larabee in the total sum of $144,811.51 pursuant to 11 U.S.C. §§ 547, 550 and 551; (2) preferential transfers against Mary Ruth Larabee in the total sum of $14,538.79 pursuant to 11 U.S.C. §§ 547, 550 and 551; and (3) the turnover of accounts receivable owed by Lawrence N. Larabee in the total sum of $93,556.13 pursuant to 11 U.S.C. § 542. As to the First Cause of Action regarding the avoidance and recovery of preferential transfers against Lawrence N. Larabee in the total sum of $144,811.51 and the Third Cause of Action regarding the turnover of accounts receivable allegedly owed by Lawrence N. Larabee in the total sum of $93,556.13, the Court previously ordered that the parties shall have until April 24, 2014, within which to request a hearing, file affidavits, and supplemental briefs regarding entry of summary judgment in favor of the Defendants as to those counts.

As to the Second Cause of Action, the Trustee seeks avoidance and recovery of five transfers totaling $14,538.79 made by Tanglewood Farms, Inc., of Elizabeth City (the "Debtor") to Mary Ruth Larabee within the one year period prior to the petition date, August 20, 2010[1]. The Trustee contends these payments satisfy each element of Section 547 preferential transfer and that Ms. Larabee is accordingly liable to the Trustee on behalf of the bankruptcy estate for the recovery of the payments she received or benefitted from, or the value of the property transferred, pursuant to 11 U.S.C. §§ 550 and 551.

---

[1] Mr. Larabee is the first cousin of James H. Winslow, who was the 100% shareholder of the Debtor at all times relevant to this adversary proceeding. In addition, Mr. and Mrs. Larabee were friends with Mr. Winslow and are therefore insiders pursuant to 11 U.S.C. § 101(31).

Prepetition the Debtor was obligated to Ms. Larabee for the repayment of a loan under which the Debtor was to make monthly interest payments to Ms. Larabee. The Debtor made monthly payments of interest on a timely basis until approximately September of 2009, when the Debtor became unable to make the ordinary interest payments and fell behind on its obligations to Ms. Larabee. The Debtor missed making the monthly interest payments in September, November, and December of 2009. Ms. Larabee requested that the Debtor make the payments. The Debtor agreed to catch up the missed payments by rolling them over to January of 2010. During the one year period prior to the petition date, the Debtor made five payments to Ms. Larabee as follows:

| Date | Amount |
| --- | --- |
| 10/1/2009 | $1,794.45 |
| 1/6/2010 | $5,524.31 |
| 2/25/2010 | $3,529.08 |
| 4/1/2010 | $1,854.27 |
| 7/1/2010 | $1,836.68 |
| TOTAL | $14,538.79 |

Prior to the challenged period, the Debtor made the interest payments from a First Citizens Bank account. During the challenged period, payments were made from a Wachovia Bank Account. The Trustee presented a Register QuickReport showing the Debtor began making the monthly interest payments to Ms. Larabee in November of 2002.

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). In making this determination,

3

conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

> A trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
>  (A) on or within 90 days and one year before the date of the filing of the petition; or
>  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
>  (A) the case were a case under chapter 7 of this title;
>  (B) the transfer had not been made;
>  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

At the hearing, counsel for Ms. Larabee represented that payments from the Debtor were made to Ms. Larabee rigorously until around or about September 2009 when the Debtor fell behind on making the payments and the payments became sporadic.

Sec. 547(c)(2) provides as follows:

> (c) The Trustee may not avoid under this section a transfer–
> (1) . . .
> (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was–
> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
> (B) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

4

The burden is on the Defendants to establish the affirmative defense as set forth in 11 U.S.C. § 547(c)(2). The Trustee contends the five payments made during this time constituted "catch up' payments and did not follow the ordinary schedule or amount for payments, and were made in response to requests for payments by Ms. Larabee. Counsel for the Defendants conceded that Ms. Larabee would be liable to the Trustee for the amounts paid by the Debtor in excess of the regular monthly amount owed. Counsel for Ms. Larabee estimates this amount to be approximately $5,400.00. As to the remaining amount, Ms. Larabee asserts the payments were made in the ordinary course of the Debtor and the Defendant and are protected from recovery under Sec. 547(c)(2).

Based on its review of the Trustee's Motion for Summary Judgment, the Supporting Materials, and oral argument of counsel, the Court finds that the interest payments in question were substantially different in amount and timing from payments made prior to the challenged period. Prior to September of 2009, the Debtor was substantially consistent in making its monthly interest payments. The Debtor failed to make its September, November, and December payments. The challenged payments, particularly the January and February 2010 payments, are considerably larger in amount than any of the payments prior to September of 2009. Therefore, there are no genuine issues of material fact as to the Trustee's Second Cause of Action regarding the avoidance and recovery of preferential transfers against Mary Ruth Larabee in the total sum of $12,744.34 pursuant to 11 U.S.C. §§ 547, 550 and 551. The Court does not include the October, 2009 payment in this amount, as the Court does not find that payment in the amount of $1,794.45 to be outside of the ordinary course of business between the parties. At the time the October 2009 payment was made the Debtor had only missed one monthly payment, and the payment appears to be in the same

5

amount as prior interest payments. Therefore, the Trustee's Motion for Summary Judgment is **GRANTED IN PART** as to the Second Cause of Action. The Trustee shall have and recover of the defendant, Mary Ruth Larabee, the sum of $12,744.34 and judgment shall be entered against the defendant, Mary Ruth Larabee in the amount of $12,744.34.

**SO ORDERED.**

**END OF DOCUMENT**