**SO ORDERED.**

**SIGNED this 23 day of May, 2014.**

**Randy D. Doub**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

**IN RE:**

**TANGLEWOOD FARMS, INC., OF ELIZABETH CITY**

**CHAPTER 7**
**CASE NUMBER: 10-06719-8-RDD**

**DEBTOR**

---

**JAMES B. ANGELL, TRUSTEE,**

**ADVERSARY PROCEEDING NUMBER: 12-00177-8-RDD**

**PLAINTIFF,**

**v.**

**LAWRENCE N. LARABEE, MARY RUTH LARABEE,**

**DEFENDANTS.**

**ORDER**

Pending before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support filed by James B. Angell, the Chapter 7 Trustee (the "Trustee") on September 30, 2013 and the Defendants' Response to Plaintiff's Motion for Summary Judgment filed by Lawrence N. Larabee and Mary Ruth Larabee on November 4, 2013. The Court conducted a hearing on April 2, 2014, in Greenville, North Carolina to consider these matters.

The Trustee filed this adversary proceeding on August 19, 2012. The Trustee's Complaint sets forth three causes of action for avoidance and recovery of (1) preferential transfers against Lawrence N. Larabee in the total sum of $144,811.51 pursuant to 11 U.S.C. §§ 547, 550 and 551; (2) preferential transfers against Mary Ruth Larabee in the total sum of $14,538.79 pursuant to 11 U.S.C. §§ 547, 550 and 551; and (3) the turnover of accounts receivable owed by Lawrence N. Larabee in the total sum of $93,556.13 pursuant to 11 U.S.C. § 542.

As to the Second Cause of Action, the Trustee sought avoidance and recovery of five transfers totaling $14,538.79 made by Tanglewood Farms, Inc., of Elizabeth City (the "Debtor") to Mary Ruth Larabee within the one year period prior to the petition date, August 20, 2010[1]. On April 7, 2014, the Court entered the order granting in part the Trustee's Motion for Summary Judgment as to the Second Cause of Action. The order provided that the Trustee shall have and recover of the defendant, Mary Ruth Larabee, the sum of $12,744.34 and judgment shall be entered against the defendant, Mary Ruth Larabee in the amount of $12,744.34.[2]

As to the First Cause of Action regarding the avoidance and recovery of preferential transfers against Lawrence N. Larabee in the total sum of $144,811.51 and the Third Cause of Action regarding the turnover of accounts receivable allegedly owed by Lawrence N. Larabee in the total sum of $93,556.13, the Court entered an order on April 3, 2014, pursuant Federal Rule of Civil Procedure 56(f) and Bankruptcy Rule 7056(f), that the parties shall have until April 24, 2014, within

---

[1]Mr. Larabee is the first cousin of James H. Winslow, who was the 100% shareholder of the Debtor at all times relevant to this adversary proceeding. In addition, Mr. and Mrs. Larabee were friends with Mr. Winslow and are therefore insiders pursuant to 11 U.S.C. § 101(31).

[2]The Court did not include the October, 2009 payment in the amount of $1,794.45 as part of the Trustee's recovery as the Court did not find that payment to be outside of the ordinary course of business between the parties.

which to request a hearing, file affidavits, and supplemental briefs regarding entry of summary judgment in favor of the defendants as to those counts. Both parties, especially the Trustee, did not make a request for hearing or file any documents or affidavits or further memoranda, on or before the deadline.

On August 20, 2010, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. On July 12, 2011, the Debtor's case was converted to a proceeding under chapter 7 and the Trustee was appointed. The Debtor a granary facility in Pasquotank County, North Carolina, was operated by its president and sole shareholder, James Howard Winslow ("Mr. Winslow"). Mr. Winslow oversaw the Debtor's purchase, sale and storage of corn, wheat and soybeans (collectively "grain") and facilitated grain exchange between the Debtor, Winslow Farms[3], grain suppliers and purchasers. The Debtor purchased grain from Winslow Farms and stored grain Winslow Farms sold to third parties at its granary facility. Mr. Winslow and his wife, Billie Reid Winslow (collectively the "Winslows"), filed a joint voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 23, 2010[4].

The Debtor's schedules and statement of financial affairs, filed on September 3, 2010, reveal that the Debtor had total liabilities of $38,290,562.04 compared to total assets of $2,954,363.65 on

[3]Winslow Farms was Mr. Winslow's personal farming operation, which supplied the debtor with Grain.

[4]The relationship between the Debtor, Mr. Winslow and his personal farming operation was so intertwined and close that many, including suppliers and purchasers, identified them as one entity. Despite this tripartite relationship, this court denied the motion to consolidate the Winslows' individual case with the Debtor's case on February 18, 2011. *See Tanglewood Farms*, 2011 WL 672060, at *1–2 (Bankr. E.D.N.C. Feb. 18, 2011).

the petition date. Its statement of financial affairs, however, lists gross income of $20,470,302.00 in 2008, $3,000,000.00 in 2009 and $2,410,440.82 from January to August 2010.

For many years prepetition, Lawrence N. Larabee grew soybeans and other crops (the "Soybeans") and sold the Soybeans to the Debtor. In exchange for the Soybeans, the Debtor made payments to Mr. Larabee during the one year period prior to the petition date. During the one year period prior to the petition date, the Debtor made five payments to Mr. Larabee as follows:

| Date | Amount |
|---|---|
| 10/6/2009 | $22,510.75 |
| 10/27/2009 | $10,000.00 |
| 11/23/2009 | $40,000.00 |
| 12/21/2009 | $72,000.00 |
| 1/12/2010 | $300.76 |
| TOTAL | $144,811.51 |

The payments constituted a transfer of interest of the Debtor in property from the Debtor's bank account. The transfers were made for, or on account of, an antecedent debt. The Soybeans were delivered to the Debtor in October of 2009 and the payments were made by the Debtor to Mr. Larabee from October 2009 to January 2010. In the five crop years prior to the petition date, the Debtor paid for Soybeans in the months after it received them. The Trustee presented two Purchase Contracts signed by Mr. Larabee and Mr. Winslow on behalf of the Debtor. The Purchase Contracts related to the payments made on October 27, 2009, November 23, 2009, and December 21, 2009 in the total amount of $122,000.00. The Purchase Contracts state the Delivery Terms are October 1, 2009 and December 31, 2009. As for the payment made on October 6, 2009, in the amount of $22,510.75 the Trustee was unable to produce a Purchase Contract for this amount, but at the

hearing, the attorney for the Trustee acknowledged that it appeared the October 6, 2009 payment was for Soybeans.

In addition to the above transactions, the Debtor sold fertilizer, lime, and seed, among other supplies, to Mr. Larabee. At the end of each year, the Debtor and Mr. Larabee would write each other checks to settle up the outstanding grain and supplies obligations. Both Mr. Larabee and Mr. Winslow deny any amount is owing from Mr. Larabee to the Debtor. According to Mr. Winslow and Mr. Larabee, the Debtor owed Mr. Larabee more money that what Mr. Larabee owed at the time of the bankruptcy filing. Mr. Larabee did not file a proof of claim in the Debtor's bankruptcy case. The Debtor did however schedule Mr. Larabee as a creditor in its petition.

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

> A trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days and one year before the date of the filing of the petition; or

> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if–
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made;
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Mr. Larabee contends that the payments may not be avoided because they were made in the ordinary course of business pursuant to Section 547(c)(2).

11 U.S.C. § 547(c)(2) provides as follows:

> (c) The Trustee may not avoid under this section a transfer–
>
> (1) . . .
>
> (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was–
>
> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>
> (B) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

The burden is on the defendants to establish the affirmative defense as set forth in 11 U.S.C. § 547(c)(2). After examining the payments made during the pre-preference period and the language contained within the Purchase Contracts, it appears the challenged payments were made within the parties ordinary course of business. There being no evidence in the record that contradicts the two Purchase Contracts which state delivery terms for the Soybeans and corresponding payment, and the record of payments fall within the times for delivery[5], there is no genuine issue of material fact

---

[5] The Court finds that the January 12, 2010 payment of $300.76 is not so significantly different as to take it outside of the parties ordinary course of business.

as to the ordinary course of business defense pursuant to 11 U.S.C § 547(c)(2), the defendant, Lawrence N. Larabee, is entitled to summary judgment in his favor as to the First Cause of Action.

11 U.S.C. § 542(b) provides:

> an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b).

11 U.S.C. § 553 provides:

> [e]xcept as . . . provided in this section and in sections 362 and 363 . . . this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose [prepetition]

11 U.S.C. § 553(a).

In the Deposition of Mr. Winslow, taken on May 20, 3013, Mr. Winslow testified as follows:

> Q: . . . Do you recall if Mr. Larabee owed Tanglewood, the granary, money at the time of the bankruptcy filing
>
> A: Larry did not owe Tanglewood money. I owed Larry money. Tanglewood owed Larry money.
>
> Q: All right. So are – is it your recollection that on the date of the bankruptcy filing, Mr. Larabee was current on the supplies and fertilizer obligations to you?
>
> A: That's right. Larry – I owed – I mean, Tanglewood owed Larry.

Winslow Deposition, p. 61, lines 7-17.

In the Deposition of Mr. Larabee, taken on June 24, 2013, Mr. Larabee testified as follows:

> Q: Okay. Now understanding – do you contend that Tanglewood Farms owes you more money than what this report is saying you owe Tanglewood?

A: Hundreds of thousands.

Q: Okay. Understanding that you contend Tanglewood owes you a whole lot more money than this, is it true that these are amounts that were owed to Tanglewood Farms?

A: They were never owed, sir. He – he has my money. In other words, they're deducted. It's – it's – it's on the settlement sheet, just like you have. And if you balance it, in other words, he owes me money.

Q: All right.

A: I don't owe him money.

Larabee Deposition, p. 35, lines 2-16.

Q: Tanglewood owes you hundreds and hundreds –

A: Yes, sir.

Q: – of thousands –

A. Yes, sir.

Larabee Deposition, p. 38, lines 17-20.

As set forth in the foregoing deposition testimony, both Mr. Winslow and Mr. Larabee testified that Mr. Larabee did not owe any money to the Debtor as of the petition date, but that the Debtor owed money to Mr. Larabee. Even if the Court were to find that the Trustee successfully pled the elements of 11 U.S.C. § 542(b) the Court finds that Mr. Larabee is entitled to assert a setoff defense against the amounts owed by the Debtor to Mr. Larabee. The Trustee cites to *In re Barefoot* , Case No. 12-2160-8-DMW (Bankr. E.D.N.C. Mar. 18, 2014), for the proposition that Mr. Larabee cannot assert setoff as a defense, because he failed to file a proof of claim in the bankruptcy case. *In re Barefoot* addressed the unique issue of whether a governmental agency, the Farm Service Agency, was entitled to setoff a prepetition overpayment made by a separate governmental

agency, the Commodity Credit Corporation, and then increase its proof of claim by the secured amount of $31,732.00 almost one year after the debtors' chapter 12 plan was confirmed. In that case the Court noted that the debtors and the creditors had relied on the chapter 12 plan which was confirmed almost one year prior to the Farm Service Agency filing an amended proof of claim asserting the additional secured amount of $31,732.00. *Id.* at 6. The Court found that based on the facts of the case, the Farm Service Agency failed to properly assert its right to setoff the amount of $31,732.00 owing from the debtor to the governmental agency. *Id.* at 7. The facts of *In re Barefoot* are readily distinguishable from the facts of the current case. Here, the creditor is not a governmental agency trying to increase the amount of its secured proof of claim approximately one year subsequent to confirmation of the debtor's chapter 12 plan. Here, Mr. Larabee is not asserting a claim against the bankruptcy estate. Instead, Mr. Larabee is asserting setoff as a defense against the Trustee's action for turnover. *See Durham v. SMI Industries Corp.*, 882 F.2d 881, 883 (4th Cir. 1989). As there is no genuine issue of material fact as to the third claim for relief in that Mr. Larabee and Mr. Winslow all have testified in deposition testimony that Mr. Larabee owes absolutely nothing to the Debtor, and Mr. Larabee is entitled to assert a setoff of any funds that Mr. Larabee may owe to the Debtor against the hundreds of thousands of dollars that the Debtor owes Mr. Larabee. Summary judgment is granted in favor of Mr. Larabee as to the Third Cause of Action.

Accordingly, pursuant to Federal Rule of Civil Procedure 56(f) and Bankruptcy Rule 7056(f), Summary judgment is **GRANTED** for Mr. Larabee as to the First Cause of Action and Third Cause of Action. The Trustee shall have and recover nothing of the defendant Lawrence N.

Larabee on the First and Third Causes of Action.

**SO ORDERED.**

**END OF DOCUMENT**